UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GORDY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C. GRANLUND, et al.,<br><br>　　　　Defendants. | Case No.19-mc-80180-JSC<br><br>**ORDER RE: APPLICATION FOR AN ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

This miscellaneous action arises out of a civil rights action pending in the United States District Court for the Central District of California. *See Gordy v. C. Granlund, et al*., Case No. 18-cv-2590 GW-JPR (C.D. Cal.). Defendants' application for an order to show cause as to why non-party Ibrahim Brown should not be held in contempt and compelled to participate in his subpoenaed deposition is now pending before the Court. (Dkt. No. 1.) Having considered the application and the relevant legal authority, the application is GRANTED IN PART and DENIED IN PART as set forth below.

**BACKGROUND**

Plaintiff Adam Gordy filed this action under 42 U.S.C. § 1983 alleging that Defendants C. Granlund, R. Agamyan, and C. Wu were deliberately indifferent to his psychological and medical needs on April 1 and 2, 2017, while he was incarcerated at California State Prison-Los Angeles County. *See Gordy v. C. Granlund, et al*., Case No. 18-cv-2590 GW-JPR (C.D. Cal.) (Dkt. No. 1.) Plaintiff attached two declarations to his complaint from inmates at California State Prison-Los Angeles County at the time of the underlying incident(s): Timothy Watts and Ibrahim Brown.

(*Id.* at 28-30.[1]) The court granted Defendants' ex parte application for an order granting Defendant leave to take Mr. Watts and Mr. Brown's depositions. (No. 19-80180, Dkt. No. 1, Ex. B at ECF 17.) Mr. Brown, who is now incarcerated at Salinas Valley State Prison, appeared for his deposition but did not allow defense counsel to complete the deposition. (*Id.* at 8, Ostrick Decl. ¶ 5.) Defendants thus bring this action seeking an order to show cause as to why Mr. Brown should not be held in contempt for failing to participate in his deposition and an order compelling Mr. Brown to appear and participate in a deposition. Mr. Brown was given the opportunity to respond to Defendants' application, but has not done so. (No. 19-80180, Dkt. No. 3.)

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure provides the means to compel a non-party to appear "at a specified time and place; attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody [.]" Fed. R. Civ. P. 45(a)(1)(A). If a properly served subpoena imposes undue burden or expense, the non-party witness may seek a protective order or move to quash. Fed. R. Civ. P. 45(d)(1). Under Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-CV-00358-BAM, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases re: same).

Here, Defendants obtained permission from the court in the underlying action to issue a subpoena to Mr. Brown. Mr. Brown did not seek a protective order or move to quash the subpoena and appeared at the date and time of his deposition. However, he refused to respond to questions stating that "I don't want to be in this thing because I don't know who called me and I don't know what this is about, so I don't even want to talk no more" and "[t]his has nothing to do with me, and I don't even know why I'm here so I don't want nothing to do with this." (Dkt. No. 1 at 31 (Brown Depo 7:3-6, 18-18).) When defense counsel advised Mr. Brown that he was there

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

"to talk about questions relating to Adam Gordy," Mr. Brown responded that he didn't know who that was. (*Id*. at 7:21-23.) Mr. Brown denied preparing a declaration for Mr. Gordy and said "I don't remember nothing that's going on right now" and told counsel that "[y]ou can get a court order, yeah, because I'm done." (*Id*. at 8:10-21.)

Defendants now seek an order to show cause as to why Mr. Brown should not be held in contempt for his failure to participate in his subpoenaed deposition and an order compelling him to participate in his deposition. The Court declines to issue an order to show cause as to why Mr. Brown should not be held in contempt. First, Mr. Brown did not refuse to appear for his subpoenaed deposition. Rather, he appeared, but declined to continue with the deposition because he said he did not know why he was there, he did not know Mr. Gordy, and denied preparing a declaration for Mr. Gordy. Second, while Rule 45 subpoenas are treated as court orders, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *See* Advisory Committee Note to 2013 Amendment to Rule 45(g). Thus, "many [c]ourts have noted ... that [b]efore sanctions can be imposed under [the Rule], there must be a court order compelling discovery." *Poturich v. Allstate Ins. Co*., 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) (internal citations and quotation marks omitted; alternations in the original); *see also Schoonmaker v. Cty. of Eureka*, 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) (outlining concerns with request for contempt order absent an order to compel and identifying that in recent cases courts have noted that before sanctions can be imposed for non-party's non-compliance with a Rule 45 subpoena there must be a court order compelling discovery); *In re Plise,* 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded."). No such Order has issued here. Given Mr. Brown's confusion during his deposition and reluctance to proceed based on his lack of information regarding the underlying proceeding, an order explaining the situation and ordering him to comply with the subpoena is a predicate to any order to show cause.

Accordingly, Mr. Brown is ORDERED to appear for a further deposition to be noticed by

Defendants.

## CONCLUSION

Defendants' application for an order to show cause and to compel non-party Ibrahim Brown to appear for a deposition is GRANTED IN PART and DENIED IN PART. It is denied as to the request for an order to show cause, but granted as to the request for an order requiring Mr. Brown to appear for a properly subpoenaed deposition.

Mr. Brown is ORDERED to appear for deposition on a date and time to be determined by Defendants. Mr. Brown is advised that his testimony is sought because Adam Gordy has filed a civil rights lawsuit which alleges that Defendants C. Granlund, R. Agamyan, and C. Wu were deliberately indifferent to Mr. Gordy's psychological and medical needs on April 1 and 2, 2017, while he was incarcerated at California State Prison-Los Angeles County. Mr. Gordy's complaint was accompanied by declaration signed by Ibrahim Brown.

Defendants shall serve a copy of this Order on non-party Mr. Brown and Plaintiff Mr. Gordy and file proof of service of the same by August 14, 2019.

Should Defendants elect to take Mr. Brown's deposition pursuant to this Order, they shall provide Mr. Brown with notice of the date and time of the deposition. Such notice shall be accompanied by a copy of this Order, Mr. Gordy's complaint in the underlying action, and Mr. Brown's declaration.

**IT IS SO ORDERED.**

Dated: August 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4